UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS M. IRBY                                                                                  PETITIONER

v.                                                                  CIVIL ACTION NO. 3:13cv953-DPJ-FKB

CLARKE COUNTY                                                                              RESPONDENT

ORDER

This habeas corpus petition is before the Court on the Report and Recommendation [19] of Magistrate Judge F. Keith Ball entered in this action on October 30, 2014.  For the reasons stated below, the Court adopts the Report and Recommendation [19], and Petitioner Thomas M. Irby's Amended Petition [12] is dismissed with prejudice.

I.      Facts and Procedural History

Judge Ball's detailed recitation of the facts of this case is incorporated herein by reference.  In general terms, Irby was convicted in the Circuit Court of Clarke County, Mississippi, for DUI maiming.  State Court Record [17-1] at 46.  On appeal, the Mississippi Supreme Court affirmed [18-1], and Irby's subsequent petition for post-conviction relief was also denied for Irby's "fail[ure] to make a substantial showing of the denial of a state or federal right." Order [18-2].

Irby filed his original Petition [1] in this Court on January 27, 2012, and then retained counsel, who filed an Amended Petition [12] on May 29, 2012.  Vincent Horton, then-warden of the East Mississippi Correctional Facility, responded [18].  On October 30, 2014, Judge Ball entered a Report and Recommendation [19], recommending that the Court dismiss Irby's Petition.  Irby filed Objections [22], and Acting Warden Noris Hogan, through Mississippi

Attorney General Jim Hood, notified [23] the Court that he does not intend to respond to the Objections.

II.     Analysis

Irby takes no issue with the legal standards Judge Ball applied, which were otherwise correct.  Instead, he encourages the Court to reject Judge Ball's recommendations, but he generally does so in conclusory and generic fashion.  The Court sees nothing in Irby's Objections (or his other submissions) that would cause it to reject Judge Ball's thorough and well-reasoned Report.  Nor, for the most part, is there cause to revisit Judge Ball's analysis on Irby's many claims.  As Judge Ball notes, Irby's arguments have been rejected by the Mississippi Supreme Court on direct appeal and PCR, and its holdings should not be disturbed under 28 U.S.C. § 2254(d).

That said, the Court will address two issues.  First, Irby goes into greater detail when arguing in his Objections that the trial court denied him the constitutional right to testify and that his trial attorneys were ineffective in advising or coercing him to remain silent.  Starting with the trial court, the record confirms that Irby struggled with this decision.  Nevertheless, "[t]he right to testify is a fundamental right that is personal to the defendant; therefore, only the defendant can waive that right, voluntarily and knowingly." *Bower v. Quarterman*, 497 F.3d 459, 473 (5th Cir. 2007) (citation omitted).  Here, the trial court expressly—and correctly—instructed Irby regarding his rights and informed Irby that the decision was his alone to make.  The trial court then gave Irby an opportunity to confer with trial counsel before Irby ultimately decided to forego his right to testify.  Irby points to no cases demonstrating that the state court's rejection of this claim was an "unreasonable application of[] clearly established Federal law," 28 U.S.C.

§ 2254(d)(1).

Turning then to Irby's claim that his counsel was ineffective for advising (or coercing) him to waive testimony,

> [a] defendant who argues that his attorney prevented him from testifying must still satisfy the two prongs of *Strickland*. [The Fifth Circuit] has repeatedly held there is a strong presumption that counsel's decision not to place [a defendant] on the stand was sound trial strategy. Nonetheless, counsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice.

*Bower*, 497 F.3d at 473–74 (second alteration in original) (citations and internal quotation marks omitted).

As Judge Ball explains in detail, counsel had strategic reasons to advise Irby against testifying. And as for coercion, the trial record fails to suggest that counsel overrode Irby's ultimate decision. *Cf. id*. Irby's attorneys advised against testifying, but there is no suggestion that they forced or coerced Irby to give up that right, especially when the trial court had just informed Irby that the decision was solely his to make. Instead, it appears that Irby was struggling with the decision, his attorneys announced their preference that he remain silent, and Irby accepted their advice. Irby has not demonstrated that the state court erred in its findings on either claim, and he falls well short of the "doubly" deferential standard that applies to *Strickland* claims in the § 2254(d) context. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The final issue the Court will examine is Irby's reliance on *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Irby contends that habeas relief should be granted to avoid a "fundamental miscarriage of justice" due to his "actual innocence." But as the Supreme Court explained in *Herrera v. Collins*, 506 U.S. 390, 404 (1993), "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have

3

his otherwise barred constitutional claim considered on the merits." *Schlup* recognized this exception as well.  513 U.S. at 315.  To the extent Irby offers *Schlup* as an independent basis for his habeas claim, the argument is without merit.

III.    Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the Report and Recommendation [19] of Magistrate Judge F. Keith Ball is adopted as the opinion of the Court, and Petitioner Thomas M. Irby's Amended Petition [12] is dismissed with prejudice.

A separate final judgment will be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 16th day of March, 2015.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE